IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MALIK ELAWAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:12cv813-TMH |
| ) | (WO) |
| JOHN T. RATHMAN, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Federal inmate Malik Elawad ("Elawad") initiated this *pro se* action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 18, 2012.  Doc. No. 1. Elawad challenges the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence and also asks that the BOP be directed to transfer him to a Georgia State Correctional Facility to serve the remainder of his federal sentence, which he claims was ordered to run concurrently with a sentence imposed by a state trial court in Georgia.

**DISCUSSION**

A writ of habeas corpus must be filed pursuant to 28 U.S.C. § 2241 when a petitioner is challenging the execution of his sentence, rather than the validity of the underlying conviction.  *United States v. Addonizio*, 442 U.S. 178, 185-88 (1979) ( "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); *United States v. Allen*, 124 Fed. Appx. 719, 721 (3rd Cir. 2005) ("[t]he exclusive remedy for challenging the BOP's

calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241"). In general, a § 2241 petition for habeas corpus relief must be filed in the district court in which a petitioner is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978). Elawad is currently incarcerated at the Talladega Federal Correctional Institution ("FCI Talladega") in Talladega, Alabama. FCI Talladega is located within the jurisdiction of the United States District Court for the Northern District of Alabama. "For the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a). Under the circumstances of this case as outlined herein, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[1]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama for all further proceedings.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

---

[1] A decision on Elawad's application for *in forma pauperis* status (Doc. No. 2) is reserved for ruling by the United States District Court for the Northern District of Alabama.

before **October 18, 2012**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

      Done this 4th day of October, 2012.

          /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE